SCHILLING v. TWITCHELL.

Findings cannot be disturbed on appeal where it cannot be said, without discrediting several unimpeached witnesses, that there is a preponderance of evidence against them.

(Opinion filed February 12, 1902.)

Appeal from circuit court, Moody county. HON. JOSEPH W. JONES, Judge.

Action by Anthon Schilling against S. E. Twitchell. Judgment for plaintiff. Defendant appeals. Affirmed.

The facts are stated in the opinion.

*George Rice,* for appellant.

*A. B. Kittredge,* for respondent.

FULLER, J. In 1879 defendant's grantors and predecessors in interest secured the legal right to flood certain lands by the erection and maintenance of a dam nine feet high across the Big Sioux river at Flandreau, and this action for damages and a permanent injunction is based upon a claim that defendant has since added materially to the authorized height of her dam, and thereby unlawfully flooded the premises of plaintiff, to his detriment in the sum of $1,500. Reserving the question of damages for a jury to ascertain at a later date, there was a trial to the court, and the only point for our determination is whether the evidence is sufficient to sustain the following findings of fact upon which a judgment granting a permanent injunction was entered: "That on or about the month of October, A. D. 1900, the said defendant did wrongfully and unlawfully erect and extend said mill dam to the height of ten feet and six inches at its lowest point, being one foot and six inches higher, at its lowest point, than she was entitled to, and thereby

caused the water in·said river to set back and flood a large area of land adjoining the same, and thereby flowed upon and flooded the said premises of this plaintiff, and caused the water in said river to leave its natural and proper channel above said dam and to flow out and around the same, and form a new channel of the said river across the lands of plaintiff above described, which re-entered the original channel of said river at a point below said dam; all without the consent of this plaintiff, and without compensation to, him therefor. That the stream caused as aforesaid across this plaintiff's land has been and continues to be a nuisance and damage to the plaintiff in the enjoyment and use of his said premises; that it divides his farm into two tracts, and is difficult of passage, washes away and disturbs the soil of said ·premises, and interferes with the proper husbandry, use, and enjoyment of his said farm, and is a constant menace to the safety of the plaintiff and his family as well as to his live stock." According to the spirit of the statute and the well-settled practice in this state, the judgment of the trial court will not be disturbed unless there is a clear preponderance of evidence against it. The presumption being that such decision is supported by the weight of evidence, to justify a reversal that presumption must be overcome. After carefully reading all the testimony presented by the respective parties, we cannot say, without discrediting several unimpeached witnesses, that there is a preponderance of the evidence against the findings of which counsel for appellant complains. In order to demonstrate, by the production of the testimony, that, as a matter of fact, the evidence clearly preponderates in favor of the findings, and that there is nothing to warrant interference with the judgment appealed from, it would be necessary to extend this opinion without serving a useful purpose.

The judgment appealed from is affirmed.